**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:05CV-P459-H**

**ANDRE CORTEZ BRADFORD**                                              **PLAINTIFF**

**v.**

**JAMES HAMMOND,** *et al.*                                                  **DEFENDANTS**

**MEMORANDUM OPINION**

The plaintiff, Andre Cortez Bradford, filed this civil rights action under 42 U.S.C. § 1983 ("§ 1983"), and his complaint is before the court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the court will dismiss his claims against the institution and the official capacity claims against the defendants, but it allow his Fourteenth Amendment excessive force claims to proceed against the defendants in their individual capacities.

**I. SUMMARY OF CLAIMS**

The plaintiff is a pretrial detainee confined in Louisville Metro Corrections.[1] He filed this civil rights action accusing two metro corrections officers of subjecting him to excessive use of force. To this end, he sues James Hammond and Josh Garrett in both their individual and official capacities, seeking monetary damages. He also names the facility as a defendant.

The incident occurred on December 10, 2004, when Defendant Garrett transferred the plaintiff to a different floor of the facility. The plaintiff claims that the officer was rude and "ruff" when searching his person and belongings. At one point, the officer handcuffed the plaintiff behind his back and jerked him around before placing him in a holding cell. Because

---

[1] Though the plaintiff claims he is in Jefferson County Corrections Jail, the court has identified the correct name for the facility.

the handcuffs were too tight, the plaintiff began kicking the cell door to draw attention. When both defendants returned, they directed the plaintiff to lie on the floor. When the plaintiff said he would sit on the bench, they entered his cell to subdue him. The plaintiff claims that one was giving him "body shots" while the other's fingers were buried in his head causing "so much pain." After the officers secured him to the "hand cuff holder," the plaintiff claims that Defendant Hammond grabbed his head with both hands and kneed him in the eye several times.

## II.  STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.,* 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted, "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364 (1982) (per curiam), a plaintiff is required to plead more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Therefore, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

### III.  ANALYSIS

**A.  Official capacity claims and claims against Louisville Metro Corrections**

To the extent that the plaintiff brings a § 1983 claim against Louisville Metro Corrections, he has not stated a viable claim. In order to set forth a claim under § 1983, a plaintiff must allege both a violation of a right or rights secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988).

Louisville Metro Corrections is not a "person" subject to suit under § 1983 as municipal departments, such as jails, are not suable under § 1983. *Compare Rhodes v. McDannel*, 945 F.2d 117 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is Louisville-Jefferson County Metro Government that is the proper defendant in this case. *Smallwood v. Jefferson County*, 743 F.Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge

Executive as claims against Jefferson County itself).  Further, Louisville-Jefferson County Metro Government is a "person" for purposes of § 1983.  *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).  The court will therefore construe the claim as one brought against Louisville-Jefferson County Metro Government.

The plaintiff's official capacity claims against the defendants are likewise construed as claims brought against Louisville-Jefferson County Metro Government.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  When a § 1983 claim is made against a municipality, this court must analyze two distinct elements:  (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.,* 503 U.S. 115, 120 (1992).  The court will address the elements in reverse order.

In the seminal case *Monell v. New York City Dep't of Social Servs.,* 436 U.S. 658, 691 (1978), the U.S. Supreme Court set forth the circumstances under which a municipality could be held liable in a § 1983 civil action.  The Court stated:

> Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort.  In particular, we conclude that a municipality cannot be held liable *solely* because it employs a tortfeasor or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.

*Monell*, 436 U.S. at 691. Locating a policy or custom ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality.  *Board of County Comm'rs of Bryan County, Okl. v. Brown,* 520 U.S. 397, 403-404 (1997) (citing *Monell*, 436 U.S. at  694).

4

To hold such a municipality accountable, therefore, a plaintiff must demonstrate some official policy or custom caused an employee to violate the plaintiff's constitutional rights, *Deaton v. Montgomery County, Ohio,* 989 F.2d 885, 889 (6th Cir. 1993), and that the policy was "'the moving force of the constitutional violation.'" *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981)).

In the instant action, the plaintiff did not allege that Louisville-Jefferson County Metro Government operated pursuant to a policy or custom of subjecting inmates to excessive uses of force. In fact, he does not identify a single policy or custom that could be the cause or moving force behind the constitutional deprivations he allegedly suffered. He simply attempts to hold this defendant liable because it employs the defendants. Such is simply insufficient to set forth a cognizable cause of action against a county under §1983. *Brown*, 520 U.S. at 406-07 ("That a plaintiff has suffered at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation; the plaintiff will simply have shown that the *employee* acted culpably") (original emphasis). Having determined that the plaintiff failed to show that a policy or custom was the moving force behind the alleged violations, the court will not address whether any of the harm alleged rises to the level of a constitutional deprivation.

**B. Individual capacity excessive force claims**

The court will allow the plaintiff's individual capacity claims to proceed against both defendants. Because he is a pretrial detainee, his excessive force claims are governed by the Fourteenth Amendment's due process protections, not the Eighth Amendment's prohibition against the infliction of cruel and unusual punishment. *Graham v. Connor*, 490 U.S. 386, 395, n.10 (1989)  490 U.S. at 395 n. 10.

The court will enter orders consistent with this memorandum opinion.

Date:

cc:   Plaintiff *pro se*
      Defendants
      Jefferson County Attorney
      4412.002